IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEUTSCHE BANK AG, | § | |
| | § | |
| Plaintiff Below, | § | No. 2, 2024 |
| Appellant, | § | |
| | § | Court Below—Court of Chancery |
| v. | § | of the State of Delaware |
| | § | |
| SEBASTIAN HOLDINGS, INC., | § | C.A. No. 2017-0822 |
| and UNIVERSAL LOGISTIC | § | |
| MATTERS, S.A., | § | |
| | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted:  January 3, 2024
Decided:     February 9, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the notice and amended notice of appeal from an interlocutory order and the exhibits, it appears to the Court that:

(1)     In 2013, the appellant, Deutsche Bank AG, obtained in an English court a judgment for more than $235 million[1] against appellee Sebastian Holdings, Inc. ("Sebastian"), an entity organized under the laws of the Turks and Caicos Islands. Deutsche Bank has attempted to collect on the English judgment by filing actions in various jurisdictions.  In 2017, Deutsche Bank initiated one such action in the Court

---

[1] Deutsche Bank states that, with interest, the judgment is now worth more than $370 million.

of Chancery. According to the complaint, one of Sebastian's assets was a limited partnership interest (the "Devon Park Interest") in a Delaware limited partnership, Devon Park Bioventures, LP ("Devon LP"). In 2014, Sebastian purported to transfer the Devon Park Interest, under an "assignment and assumption agreement," to appellee CPR Management, S.A. (formerly known as Universal Logistic Matters, S.A.) ("CPR"), an entity organized under the laws of Panama. The complaint alleged that Sebastian was the alter ego of Norwegian billionaire Alexander Vik; CPR was a shell company controlled by Vik's father; and the transfer of the Devon Park Interest was a sham transaction designed to thwart Deutsche Bank's efforts to collect on the judgment.[2] In 2018, the Court of Chancery entered an order restraining Devon Park from distributing proceeds associated with the Devon Park Interest and requiring Deutsche Bank to post a $1 million bond.[3] The Devon Park Interest is held in a bank account in Pennsylvania, where Devon LP has its principal place of business.

(2)   In 2021, the Court of Chancery dismissed Deutsche Bank's claims against Sebastian and CPR, holding that the court lacked personal jurisdiction over

---

[2] Deutsche Bank also asserted fraud and conspiracy claims against Devon LP in connection with the transfer of the Devon Park Interest from Sebastian to CPR. Those claims have not been resolved in the Court of Chancery.

[3] *Deutsche Bank AG v. Devon Park Bioventures, L.P.*, C.A. No. 2017-0822, Docket Entry Nos. 76 (Order), 96 (Transcript) (Del. Ch. Jan. 31, 2018). Hereinafter, we refer to the Court of Chancery docket in the form "Chancery Docket Entry No. ___."

2

them.[4]  That decision did not resolve all the claims asserted in the action, including Deutsche Bank's claim for a charging order under 6 *Del. C.* § 17-703 against the Devon Park Interest and Devon LP's counterclaims and crossclaims for interpleader. Specifically, the Court of Chancery stated that its decision did not "resolve jurisdictional issues regarding Deutsche's request for a charging order or Devon LP's interpleader claim, which have been characterized as *in rem* or *quasi in rem* and supported by statutory jurisdiction."[5]

(3)    The parties then submitted briefing addressing jurisdictional issues as to Deutsche Bank's request for a charging order and Devon LP's interpleader claim. On October 31, 2023, the Court of Chancery granted Sebastian's and CPR's motions to dismiss Devon LP's interpleader claim, concluding that "asserting *in rem* jurisdiction over the two foreign entities would offend due process."[6]  The court also determined that it lacked "*in rem* jurisdiction over CPR for purposes of issuing Deutsche's requested charging order" against the Devon Park Interest.[7]  But the court stated that it had "not found that Deutsche lacks jurisdiction to seek a conditional charging order against any interest held by Sebastian in Devon LP," nor had the

---

[4] Deutsche Bank AG v. Devon Park Bioventures, L.P., 2021 WL 2711472 (Del. Ch. June 30, 2021).

[5] *Id.* at *11.

[6] *Deutsche Bank AG v. Devon Park Bioventures, L.P.*, 2023 WL 7159921, at *9 (Del. Ch. Oct. 31, 2023) (the "Interlocutory Decision").

[7] *Id.*

court "considered whether the statute permits such an order, or whether procedural defenses would prevent its assertion here."[8] The court instructed the parties to notify the court if they intended "to make additional submissions with respect to Devon LP's motion to dismiss Deutsche's claim" and to inform the court whether the restraining order should remain in place.[9]

(4) On December 11, 2023, Deutsche Bank moved for entry of a partial final judgment under Court of Chancery Rule 54(b) or, in the alternative, certification of an interlocutory appeal.[10] Sebastian and CPR opposed. On January 2, 2024, the Court of Chancery denied certification,[11] and Deutsche Bank filed a notice of interlocutory appeal in this Court. In denying certification, the Court of Chancery determined that the Interlocutory Decision determined a substantial issue of material importance[12] but that none of the considerations set forth in Supreme Court Rule 42(b)(iii) favored certification. The court declined to address CPR's argument that the application for certification and the interlocutory appeal itself were untimely filed.

---

[8] *Id.*

[9] *Id.* at *10.

[10] As discussed further below, between November 9, 2023, and November 29, 2023, the parties submitted various letters to the court concerning the restraining order and other issues.

[11] *Deutsche Bank AG v. Devon Park Bioventures, L.P.*, 2024 WL 18244 (Del. Ch. Jan. 2, 2024). The court stated that it would resolve the motion for partial final judgment separately. *Id.* at *1. After Deutsche Bank filed this interlocutory appeal, the court informed the parties that it would not consider the motion for partial final judgment while the interlocutory appeal remained pending. Chancery Docket Entry No. 473, Letter to Counsel (Del. Ch. Jan. 8, 2024).

[12] DEL. SUPR. CT. R. 42(b).

(5) Supreme Court Rule 42 provides that a party must file in the trial court an application for certification of an interlocutory appeal within ten days of the entry of the order from which the appeal is sought, unless the trial court, in its discretion, extends the deadline for filing the application "for good cause shown."[13] Deutsche Bank did not file its application for certification of an interlocutory appeal from the October 31, 2023 Interlocutory Decision until December 11, 2023, and it did not request an extension of the deadline. Instead, on November 9, 2023, within ten days of the Interlocutory Decision, Deutsche Bank filed a letter arguing that the restraining order should remain in place because Deutsche Bank intended to file a motion for relief from the Interlocutory Decision under Court of Chancery Rule 60(b).[14] That letter did not mention a potential interlocutory appeal or request an extension to file an application for certification. Letters filed by Deutsche Bank on November 17 and 21, 2023, also did not mention a potential interlocutory appeal.[15] In a letter dated December 1, 2023, the Court of Chancery (i) acknowledged receipt of the parties' submissions following the Interlocutory Decision; (ii) stated that the court would not further consider whether the restraining order should be lifted until a motion seeking that relief was filed; and (iii) "[given] that Deutsche has stated its

---

[13] *Id.* R. 42(c)(i).
[14] Chancery Docket Entry No. 449.
[15] Chancery Docket Entry Nos. 452, 454.

5

intent to file a motion seeking interlocutory appeal," stayed further briefing on Devon LP's outstanding motion to dismiss until resolution of any such appeal.[16]

(6)     This Court has concluded that the application for interlocutory review should be refused.  Deutsche Bank's application for certification, which it filed more than a month after the Interlocutory Decision, was untimely, and Deutsche Bank neither requested an extension nor established good cause for the untimely filing. Deutsche Bank appears to suggest, without explanation, that the Court of Chancery's December 1, 2023 letter somehow made Deutsche Bank's application timely by "implementing" the October 31, 2023 Interlocutory Decision.  We discern no such effect of the December 1, 2023 letter.  Because Deutsche Bank has not established good cause for filing the application more than ten days after the Interlocutory Decision or for filing this appeal more than thirty days after the Interlocutory Decision,[17] the appeal does not satisfy Rule 42.[18]

---

[16] Having reviewed the parties' submissions to the Court of Chancery between October 31, 2023, and December 1, 2023, this Court has not identified the source (or date) of Deutsche Bank's purported expression of that intent before the Court of Chancery's December 1, 2023 letter.  In any event, the Court of Chancery docket does not reflect that Deutsche Bank requested an extension of the deadline to file an application for certification of an interlocutory appeal.

[17] *See* DEL. SUPR. CT. R. 42(d)(i) ("The notice of appeal may be filed at any time after the filing of the application for certification in the trial court, except that it shall be the obligation of appellant to serve and file in this Court a notice of appeal of an interlocutory order within 30 days after the entry of the order from which the appeal is sought to be taken[.]").

[18] *See, e.g.*, *J.C. Opco, LLC v. Hudson Hosp. Holdco, LLC*, 2022 WL 4451489, at *1 (Del. Sept. 23, 2022) (refusing interlocutory appeal in which appellant filed a request for leave to file an application for certification twenty-one days after the interlocutory order; Court of Chancery determined that "engaging new counsel after the deadline for filing the application did not constitute good cause for extending the deadline"); *Vick v. Khan*, 2019 WL 3229425 (Del. July 17, 2019) (stating that application for certification filed approximately one month after Superior

6

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

Court's interlocutory decision was untimely under Rule 42(c)(i); appellants' request for an extension because they were out of state at the time of the Superior Court's decision, made at the same time as the untimely filing of the application, did not establish good cause for the extension); *Aharon v. Kleinberg*, 2018 WL 4665979, at \*1 (Del. Sept. 25, 2018) (agreeing with the Court of Chancery's denial of certification of application for certification and stating that the "application, which was filed on August 31, 2018, was untimely because it was filed more than ten days after the Court of Chancery's July 16, 2018 order" and the appellant "made no attempt to establish good cause to excuse his untimely application").

We note that in 2019 Deutsche Bank opposed CPR's application for certification of an interlocutory appeal of a 2019 order granting a motion to compel filed by Deutsche Bank, arguing that CPR's application was untimely because CPR was seeking to relitigate a 2018 order in which the Court of Chancery had awarded Deutsche Bank jurisdictional discovery. Chancery Docket Entry No. 236, at 6-7, *interlocutory appeal refused*, 2019 WL 3938523 (Del. Aug. 20, 2019). Similarly here, Deutsche Bank's arguments—and the Court of Chancery's decision—regarding *in rem* jurisdiction are intertwined with its arguments regarding personal jurisdiction as to Sebastian and CPR. Moreover, it appears that the jurisdictional issues can most efficiently and effectively be reviewed together, either in an appeal from a judgment that finally resolves the entire case or if the Court of Chancery grants Deutsche Bank's outstanding motion for partial final judgment. We express no opinion regarding whether that motion should be granted.